# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GEORGE H. PAUBEL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10-CV-1 CAS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks attorney's fees in the amount of $4,493.88, which amount is based on multiplying 20.80 hours of attorney time by a rate of $175.06 per hour for work performed in 2010, and multiplying 4.70 hours of attorney time by a rate of $181.41 per hour for work performed in 2011.

Plaintiff acknowledges that in Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the Supreme Court held that an award of attorney fees is payable to the litigant. Plaintiff asserts, however, that the Supreme Court in Ratliff left open the possibility that an attorney may collect such fees directly where the right to claim such fees was assigned by the litigant to the attorney and the litigant does not owe any federal debt. In this case, plaintiff's counsel states that plaintiff has assigned his right to collect such fees to Steve Wolf, The Law Office of Steve Wolf, LC, under the "Fee Assignment – Federal Court" attached to the motion for attorney fees as Exhibit 2. In the event that plaintiff owes no federal debt, he requests that any award for attorney fees be made directly to attorney Steve Wolf.

The defendant responds that after the Court issues an order awarding EAJA fees to the plaintiff, he will verify whether plaintiff owes a debt to the United States that is subject to offset. If there is no such debt owed by plaintiff, defendant states that he will make the fee payable to plaintiff's attorney based on the Fee Assignment.

The Court has reviewed plaintiff's application for an award of fees and expenses under the EAJA, and concludes the statutory requirements are met. By Order and Judgment of Remand dated March 29, 2011, this Court remanded this case to defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if he or she receives a "sentence four" remand. See Shalala v. Schaefer, 509 U.S. 292, 295-96 (1993). Because plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds that he is entitled to attorney's fees in the amount of $4,493.88.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act is **GRANTED**. [Doc. 33]

**IT IS FURTHER ORDERED** that defendant Commissioner of Social Security shall pay attorney's fees under the EAJA in the amount of Four Thousand Four Hundred Ninety-Three Dollars and Eighty-Eight Cents ($4,493.88), and that if plaintiff does not owe any debt to the United States that is subject to offset, the award shall be made payable to attorney Steve Wolf at the Law Offices of Steven Wolf, LC. If plaintiff does owe any debt to the United States that is subject to offset, the Commission shall make the remaining amount of the award payable to plaintiff, but mailed directly

to Steve Wolf, The Law Office of Steve Wolf, LC, 11939 Manchester Road #211, St. Louis, Missouri 63131.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of July, 2011.